## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-17-2413 |
| | ) | |
| SANDOVAL & SANDOVAL, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff J & J Sports Productions, Inc.'s ("Plaintiff") Motion for

Summary Judgment ("Motion") (ECF No. 24) as to liability against Sandoval & Sandoval, Inc,

Elizabeth De Sandoval, and Manuel Sandoval (collectively "Defendants"). The Court has

reviewed Plaintiff's Motion, related memoranda, and the applicable law. No hearing is deemed

necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court **GRANTS**

Plaintiff's Motion.

### I.    FACTUAL BACKGROUND

Plaintiff "purchased and retain[ed] the exclusive commercial exhibition (closed circuit)

licensing rights to: *"The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao*

*Championship Fight Program*" ("Program"). ECF No. 26-1, p. 1. Plaintiff entered into

sublicensing agreements with various commercial establishments which purchased the rights to

exhibit the Program to their customers. *Id.* At no point did Defendants enter into a sub-licensing

agreement with Plaintiff to screen the Program. *Id.* at 1-2. On the night of the Program, May 2,

2015, an investigator employed by Plaintiff entered Sol Y Mar, an establishment owned by

Defendants, and observed the Program being displayed on five televisions. See Affidavit of

Brian Stephens, attached as Exhibit 2 to the Complaint; ECF No. 1-1, p. 4 (hereinafter the

"Stephens Affidavit"). Accordingly, Plaintiff alleges that without the authorization of Plaintiff,

Defendants exhibited the Program at its commercial establishment, and that such exhibition

"cannot occur without willful and intentional acts purposely designed to obtain [the Program]

unlawfully." ECF No. 26-1, pp. 2, 3, 5.

On August 22, 2017, Plaintiff filed suit against Defendants for violations of 47 U.S.C. § 553

and 47 U.S.C. § 605, seeking full damages, costs and attorney's fees. ECF No. 1, pp. 4-7.

Plaintiff now moves for summary judgement on liability.

## II.     STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is deemed genuine only if the

"evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a

fact is deemed material only if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Supreme Court has explained

that the burden of proof lies with the movant to identify "those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to

show an absence of evidence in the record as to an essential element of the claim or to present

"specific facts showing that there is a genuine issue for trial." *Id.* at 324. A court reviewing a

motion for summary judgment must view the evidence in the light most favorable to the party

opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.    DISCUSSION

Plaintiff moves for summary judgment on all Counts, alleging violations of 47 U.S.C. § 553 and 47 U.S.C. § 605, both of which are strict liability statutes, meaning that the intent and willfulness of Defendants are not factors in considering violations. *J & J Sports Prods., Inc. v. Bromart, LLC*, Civil Action No. DKC 15-0175, 2015 WL 8138091, at *2 (D. Md. Dec. 8, 2015). Section 605 prohibits the "unauthorized interception or receipt of certain 'radio' communications, including at least 'digital satellite television transmission,'" while Section 553 prohibits the "unauthorized interception or receipt of certain cable communications.'" *J & J Sports Prods., Inc. v. Intipuqueno, LLC*, No. DKC-15-1325, 2016 WL 1752894, at *2 (D. Md. May 3, 2016) (citing *J & J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F. Supp. 2d 586, 588 (D. Md. 2012)).

In its Complaint, Plaintiff does not specify how Defendants intercepted the Program. That omission is not fatal at the pleading stage as "[t]he complaint need not specify the precise method of interception, as pleading in the alternative is permitted." *Joe Hand Promotions, Inc. v. Md. Food & Entm't, LLC*, Civil No. CCB-11-3272, 2012 WL 5879127, at *4 (D. Md. Nov. 19, 2012). Instead, Plaintiff can prove that Defendants violated either Section 553 or Section 605 by showing that Defendants "intercepted and displayed the Program at its establishment, without authorization from [Plaintiff], on a particular date and at a particular time." *Id.* This Court has also applied that same ruling to default judgments. *Bromart, LLC*, 2015 WL 8138091, at *2; s*ee, e.g.*, *J & J Sports Prods., Inc. v. Shiva Foods, Inc.,* No. PWG-14-2049, 2015 WL 2452421, at *2 (D. Md. May 19, 2015); *J & J Sports Prods., Inc. v. AKC Restaurant, Inc.*, No. DKC-14-2931,

2015 WL 1531279, at *2 (D. Md. Apr. 3, 2015); *J & J Sports Prods., Inc. v. Rumors, Inc.*, No. CCB-14-2046, 2014 WL 6675646, at *2 (D. Md. Nov. 21, 2014).

However, "[a]t summary judgment, courts generally expect the plaintiff to have utilized discovery to determine the specific method of interception." *Bromart, LLC*, 2015 WL 8138091, at *2. But Defendants in this case delayed in providing the Court their Answer to the Complaint and when Defendants did provide their Answer, Defendants did not contest any specific facts that are in dispute in the case. Defendants allege that "Plaintiff has failed to establish any facts, beyond the mere allegations and assertions in the complaint." ECF No. 25-1, p. 3. But Defendants fail to point to any genuine material facts that are in question. The only specific fact that Defendants point to is the Stephens Affidavit submitted by Plaintiff's investigator, Brian Stephens, questioning the validity of the document. ECF No. 25. However, for summary judgment purposes, the affidavit must only "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiff acknowledges that the affidavit wrongly reflects the State of California, instead of the Commonwealth of Virginia. However, the Court agrees with Plaintiff's Reply stating that this is a scrivener's error.[1] "In addition, neither the record nor any of the cases addressing the interception of similar broadcasts indicate there is another way Defendant[s] could have received the broadcast other than through a cable or digital satellite feed." *Bromart, LLC*, 2015 WL 8138091, at *2; s*ee also* ECF No. 26-1, pp. 3-4 (outlining the methods that can be used to intercept the Program).

---

[1] Clerical error: An error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination; esp., a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading. A court can correct a clerical error in the record at any time, even after judgment has been entered. Also termed scrivener's error. *Error*, Black's Law Dictionary (10th ed. 2014).

Likewise, Defendants attempt to avoid summary judgment being rendered against Elizabeth

and Manuel Sandoval individually, claiming that the legal theory of "piercing the corporate veil"

does not apply in this case. ECF No. 25-1, p. 4. However, Defendants' reliance on the

distinguishability of the current case from the case in *Kingvision Pay-Per-View Ltd. v. Williams*,

1 F. Supp. 2d 1481 (S.D. Ga. 1998), is misplaced. Indeed, Defendants do not contest that

Elizabeth and Manuel Sandoval are the sole shareholders in Sandoval & Sandoval, Inc., a valid

Maryland corporation which owns and operates Sol Y Mar, the restaurant at issue allegedly

exhibiting the Program. As such, a finding of vicarious liability cannot be overcome by

Plaintiff's inability to provide evidence that Elizabeth and Manuel Sandoval were directly

involved. Instead,

> Defendant[s] . . . had the right and ability to supervise the piracy at issue as a
> matter of law. It is not necessary that Defendant[s] violated the law [themselves]
> or that [they were] present for the violation. Based on Defendant[s'] official role
> at the establishment, [they were] responsible for the acts of [their] agents, [their]
> bartenders and other staff, and it is enough to hold [them] vicariously liable to the
> extent that one of [their] employees committed the piracy at issue.

*Joe Hand Promotions, Inc. v. Tickle*, 2016 WL 393797, at *13 (M.D. Pa. Feb 2, 2016). In fact,

courts across the country have sided with Plaintiff in stating that for vicarious liability to apply to

individual defendants, "J & J must show that [Defendants] had a right and ability to supervise the

violation, and that [they] had a strong financial interest in such activities." *J & J Sports Prods.,*

*Inc. v. Meyers*, 2007 WL 2030288, at *3 (S.D. N.Y. July 16, 2007); *see also Joe Hand*

*Promotions, Inc. v. Hart*, 2012 WL 1289731 (S.D. Fl. Apr. 16, 2012), *J & J Sports Prods., Inc. v.*

*Arboleda*, 2009 WL 3490859 (M.D. Fl. Oct. 27, 2009). The Court is convinced that Elizabeth

Sandoval and Manuel Sandoval, as corporate owners of Sandoval & Sandoval, Inc., had the right

and ability to supervise the piracy committed at one of its establishments, and were directly in

line to profit from the showing of the Program. Accordingly, the Court finds that the issue of

vicarious liability is not one of genuine dispute, and therefore not grounds to deny summary judgment.

Because Defendants have not identified any genuine issue of material facts that are in dispute, Defendants cannot overcome their burden. The undisputed facts show that on May 2, 2015, Defendants violated either Section 553 or Section 605 by screening the Program at their establishment without signing into an agreement with Plaintiff. Therefore, summary judgment is appropriate and the Court hereby grants Plaintiff's Motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and enters summary judgment as to liability against Defendants.

August 3, 2018                                                    /s/
                                                          Charles B. Day
                                                          United States Magistrate Judge

CBD/gbc