IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. CBD-17-2413 |
| SANDOVAL & SANDOVAL, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Money Judgment ("Plaintiff's Motion")(ECF 30). The Court has reviewed Plaintiff's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS Plaintiff's Motion awarding damages, fees and costs as described below.

### I. An Evidentiary Hearing is Not Required

On August 3, 2018, this Court entered summary judgment for Plaintiff. The Court hereby adopts the factual and procedural background as stated in its Memorandum Opinion granting Plaintiff's Motion for Summary Judgment. See ECF No. 28. Defendants' present opposition suggests that Plaintiff "is not entitled to a money judgment on the basis of the record at this time, as there remain disputed issues of material fact, and the Plaintiff is not entitled to judgment on the issue of damages as a matter of law, absent a full and fair evidentiary hearing or trial on this question." The Court respectfully disagrees.

Upon the filing of Plaintiff's Motion for Summary Judgment, Defendants were presented with the opportunity to present evidence in support of their opposition. Evidence of a material factual dispute was not provided. Here, Plaintiff seeks the award of a monetary amount as

damages. Once again, Defendants have failed to submit any factual support in opposition. While Plaintiff relies upon various affidavits filed during its prosecution of this matter, Defendants have not filed any affidavits or any other record evidence. Defendants have not presented a factual dispute of any kind. While Defendants have properly argued the law, and noted the power of the Court to make a discretionary award, said observations alone do not raise a sufficient basis for the Court to require the appearance of counsel and witnesses to engage in an intellectual exercise. Defendants have now passed on two opportunities to direct the Court's attention to any factual basis for challenging an award to Plaintiff. Defendants are not entitled to a third opportunity. As stated earlier, the Local Rules of the Court make clear that "[u]nless otherwise ordered by the Court, however, all motions shall be decided on the memoranda without a hearing." Local Rule 105.6 (D. Md.).[1]

Defendants challenge certain factual representations contained in the affidavits of Joseph M. Gagliardi and Brian Stephens. Mr. Gagliardi's affidavit states that Defendants conduct "was done for purposes of direct or indirect commercial advantage or private financial gain." See Aff. of Joseph M. Gagliardi ("Gagliardi Aff."), ECF No. 30-6. Such a statement is of no import to the Court's decision making process, as it is not of a factual dimension. This statement is more of a legal conclusion to be reached by the trier of fact alone. The Court expressly gives no weight to this statement.

Defendants' challenge to the affidavit of Mr. Stephens is likewise flawed. Defendants assert that because the affidavit does not recite the incantation that the statements contained therein are based upon "personal knowledge" then it is unfit for the Court's consideration. This

---

[1] The Court's reliance on L.R. 105.6 should come as no surprise to Defendants. Both the Order and Memorandum Opinion granting summary judgment relied upon the rule in the opening paragraphs.

is elevating form over substance. The affidavit states "I entered the Cancun Grill"; "I ordered no drinks from the waitress"; "I observed 5 televisions"; "I observed the following programs" and more. The affidavit clearly articulates the requisite "personal knowledge" required by the rules. Even when testifying in open court, witnesses are not obligated to parrot the phrase that their testimony is based upon "personal knowledge." This affidavit is clearly based on firsthand observations.

Defendants' argument that an evidentiary hearing is required is also unsupported by the case law from a sister court in the Fourth Circuit. In DirectTV, Inc. v. Adkins, 320 F. Supp. 2d 474 (W.D. Va. 2004), Chief Judge Jones ruled upon a motion for summary judgment regarding a claim, which like the present matter, was filed pursuant to 47 U.S.C. 605. The court granted the requests for statutory damages and injunctive relief on the written submissions alone.

The only record evidence before the Court has been presented by Plaintiff. No disputed issues of material fact have been raised. Plaintiff is entitled to a damages, fees and costs. The only remaining question is how much for each.

**II.    Plaintiff is Entitled to Statutory Damages**

In the Complaint and in its Motion, Plaintiff seeks to enforce both "sections 605 and 553 of 47 U.S.C., which are provisions of the Federal Cable Act that address different modalities of so-called 'cable theft.'" J&J Sports Prods., Inc. v. Mayreal II, LLC, 849 F. Supp. 2d 586, 588 (D. Md. 2012). Section 605 prohibits the "unauthorized interception or receipt of certain 'radio' communications, including at least 'digital satellite television transmission,'" while Section 553 prohibits the "unauthorized interception or receipt of certain cable communications.'" J&J Sports Prods., Inc. v. Intipuqueno, LLC, No. DKC-15-1325, 2016 WL 1752894, at *2 (D. Md. May 3, 2016) (citing Mayreal II, LLC, 849 F. Supp. 2d at 588).

In its Complaint, Plaintiff does not specify how Defendants intercepted the Program. That omission is not fatal as "[t]he complaint need not specify the precise method of interception, as pleading in the alternative is permitted" at this stage. Joe Hand Promotions, Inc. v. Md. Food & Entm't, LLC, Civil No. CCB-11-3272, 2012 WL 5879127, at *4 (D. Md. Nov. 19, 2012). Instead, Plaintiff can prove that Defendants violated either Section 553 or Section 605 by showing that Defendants "intercepted and displayed the Program at its establishment, without authorization from [Plaintiff], on a particular date and at a particular time." Id.

As Plaintiff concedes, courts in this district have determined that Plaintiff "cannot recover under both [§§ 605 and 553] for the same conduct, so courts typically grant recovery under only § 605, as it provides for greater recovery." ECF No. 30-5, p. 6 (citing J&J Sports Prods., Inc. v. Melgar, No. PJM 11-3339, 2012 WL 1852270, at *2 (D. Md. May 15, 2012); see also J&J Sports Prods., Inc. v. Royster, No. RWT-11-1597, 2014 WL 992779, at *2 (D. Md. Mar. 13, 2014). Accordingly, Plaintiff seeks recovery under Section 605. As set forth in the ruling on the motion for summary judgment, the Court is persuaded that Plaintiff has established a violation of 47 U.S.C. Section 605.

In awarding statutory damages, this Court has discretion to award Plaintiff between "$1,000 and $10,000 for each unauthorized reception and publication of a radio communication by [Defendant] in violation of section 605(a)." J&J Sports Prods., Inc. v. Quattroche, No. WMN-09-3420, 2010 WL 2302353, at *2 (D. Md. June 7, 2010); 47 U.S.C. § 605(e)(3)(C)(i)(II). Courts in this Circuit have determined the proper measure of damages by either: 1) multiplying a fee per person by "the number of patrons observed in the defendant's establishment at the time the program was shown"; 2) multiplying a fee per person by the maximum occupancy of the establishment; or 3) awarding a flat sum per violation. Id.

In his affidavit, Mr. Stephens estimates that the restaurant had a capacity of 100 people. At some point, he counted 20, 23, and 24 patrons. He indicates there were five televisions and a large projection screen displaying Plaintiff's programming, and that a sign regarding the fight being promoted "was observed on the sidewalk at the entrance to the establishment." Stephens Aff., ECF No. 30-7. It is on this record that the Court finds that Defendants' actions were "done for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. 605(e)(3)(C)(ii).

Plaintiff requests the Court to "award statutory damages in the amount of $3,000.00, based upon the amount the Defendants would have paid for a license to exhibit the Program legally." Pl.'s Mem. 7, ECF No. 30-5. Plaintiff has included a copy of a rate card with its filing, (ECF No. 30-9), and there is a statement under oath or other representation that this was the applicable rate card. (ECF No. 26-1). Accordingly, the Court will award statutory damages in the amount of $3,000.00. [2]

### III. Plaintiff is Entitled to Enhanced Damages

Plaintiff has also requested enhanced damages under Section 605 which authorizes "the court in its discretion . . . [to] increase the award of damages . . . by an amount of not more than $100,000 for each violation" of the provision. 47 U.S.C. § 605(e)(3)(C)(ii). "In determining whether enhanced damages are warranted, other courts in this Circuit have looked to several factors, including: 1) evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gains; 4) advertising the broadcast; and 5) charging an

---

[2] As Defendants have neither produced record evidence nor proffered evidence sufficient to raise the affirmative defense of lack of knowledge or reason to believe that their conduct violated the statute, the Court has no basis to consider a reduction of the statutory damage award. See J&J Sports Prods., Inc. v. Pombo, 984 F. Supp. 2d 1042 (E.D. Cal. 2013).

admission fee or charging premiums for food and drinks." Quattrocche, 2010 WL 2302353, at *2 (citation omitted). Even when "there are no allegations of repeat behavior or other factors suggesting egregious willfulness, [c]ourts generally award around three to six times the statutory damages award in enhanced damages." Id.

Here, there is evidence of willfulness—Defendants were playing the Program on their television screens without having obtained authorization to do so. Indeed, "signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." J&J Sports Prods., Inc. v. Castro Corp., No. 11-CV-00188-AW, 2011 WL 5244440, at *4 (D. Md. Nov. 1, 2011). Additionally, while Plaintiff does not claim that Defendants engaged in repeated violations, or charged premiums for food and drinks during the broadcast, Plaintiff has presented evidence that Defendants displayed an advertisement of the broadcast near the restaurant entrance doors. Given that five of Defendants' televisions and one projection screen were showing the Program, and that there were 24 patrons present, the Court considers this evidence of egregious willfulness. Accordingly, the Court will multiply the statutory award by five, resulting in an enhanced damages award of $15,000.00.

**IV. Plaintiff is Entitled to an Award of Attorney's Fees**

Plaintiff seeks to recover its attorneys' fees and relevant costs incurred pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) ("The Court. . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."). Having found that Defendants violated § 605(a), the Court further finds that Plaintiff is an "aggrieved party" who prevailed and is entitled to recover its costs, including reasonable attorneys' fees. In calculating an award of attorney's fees, courts begin with the lodestar calculation. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citing Grissom v. Mills Corp., 549 F.3d 313,

320 (4th Cir. 2008)). The lodestar figure equals the number of reasonable hours expended by counsel multiplied by a reasonable hourly rate, which the Court determines by examining the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

See *id*. at 243–44 (internal quotation marks omitted) (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the factors specified by Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974))). The Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines"), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland. "The party seeking fees bears the burden of proving the reasonableness of the amount sought." J&J Sports Prods., Inc. v. Mumford, No. DKC-10-2967, 2013 WL 210623, at *2 (D. Md. Jan. 17, 2013) (citing Robinson, 560 F.3d at 243–44).

Plaintiff's counsel has submitted a detailed affidavit, (ECF No. 30-10), and a Statement of Costs and Fees, (ECF No. 30-11), which reflect total attorney's fees and costs incurred of $3,005.00. Having reviewed counsel's affidavit, the Court finds that the hourly rates charged are presumptively reasonable pursuant to Appendix B of the Local Rules (D. Md. July 1, 2016).[3]

---

[3] Appendix B of the Local Rules provides, in relevant part, payment according to the years of experience: "Lawyers admitted to the bar for less than five (5) years: $150-225 . . . Lawyers admitted to the bar for twenty (20) years or more:$300-475." Loc. R. App. B (D. Md. July 1, 2016). Accordingly, Richard Kind's hourly rate of $350, for an attorney with 40 years of

7

Additionally, the Court finds that the requested costs are reasonable and supported by appropriate attachments. Accordingly, Plaintiff shall be awarded fees and costs of $3,005.00.

## V.     CONCLUSION

For the forgoing reasons, the Court GRANTS Plaintiff's Motion for Money Judgment. The Court awards Plaintiff $3,000.00 in statutory damages, $15,000.00 in enhanced damages, and $3,005.00 in fees and costs, for a total award of $21,005.00, against Defendants, joint and severally.


December 4, 2018                                                              /s/
                                                              Charles B. Day
                                                              United States Magistrate Judge

---

experience, and Ryan Kind's hourly rate of $200, for an attorney with 2 years of experience, are well within the range prescribed.